**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 12-4320**

―――――――――

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KEVIN ALEXANDER SCOTT,

        Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the District of
Maryland, at Baltimore. J. Frederick Motz, Senior District
Judge. (1:09-cr-00581-JFM-1)

―――――――――

Submitted: November 20, 2012     Decided: November 30, 2012

―――――――――

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Raymond J. Rigat, Washington, DC, for Appellant. Rod J.
Rosenstein, United States Attorney, Michael C. Hanlon, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Alexander Scott appeals his conviction following a guilty plea to Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (2006), and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (2006). On appeal, Scott argues that the district court abused its discretion in denying his motion to withdraw his guilty plea. We affirm.

In his plea agreement, Scott agreed to waive the right to appeal his conviction and "whatever sentence is imposed," reserving the right to appeal a sentence in excess of 300 months' imprisonment. A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). An appellate waiver must be "the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks and citation omitted). However, an appellate waiver in a plea agreement will not bar appellate review of a district court's denial of a motion to withdraw the underlying guilty plea when the motion contains a "colorable claim" that the plea agreement "is tainted by constitutional error," such as involuntariness or the lack of the effective assistance of counsel. United States v. Attar, 38 F.3d 727, 733 n.2 (4th Cir. 1994). In his motion to withdraw his guilty plea,

2

Scott argued that his plea was not knowing and voluntary because his trial counsel withheld germane information from him during the plea process. As Scott's motion presents a "colorable" claim that his plea agreement was tainted by constitutional error, the waiver provision does not preclude an appeal of the denial of his motion to withdraw his guilty plea.

We review the district court's denial of a defendant's motion to withdraw his guilty plea for an abuse of discretion. United States v. Battle, 499 F.3d 315, 319-20 (4th Cir. 2007). "[A] defendant does not have an absolute right to withdraw a guilty plea, even before sentencing." United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). To withdraw a guilty plea after entry of the plea but before sentencing, a defendant bears the burden of showing a "fair and just reason for the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); Moore, 931 F.2d at 248. "[A] 'fair and just reason' for withdrawing a plea is one that essentially challenges . . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

In determining whether a defendant has established a "fair and just reason" for withdrawal, courts consider six factors. Moore, 931 F.2d at 248. The first, second, and fourth factors are the most significant, as they "speak most straightforwardly to the question whether the movant has a fair

3

and just reason to upset settled systemic expectations by withdrawing [his guilty] plea." United States v. Sparks, 67 F.3d 1145, 1154 (4th Cir. 1995). Further, an appropriately conducted Rule 11 proceeding "raise[s] a strong presumption that the plea is final and binding." Lambey, 974 F.2d at 1394.

We conclude that the district court did not abuse its discretion in denying Scott's motion to withdraw his guilty plea. Contrary to Scott's assertions on appeal, his trial counsel did not withhold germane information from him during the plea negotiation process, as the DNA report prepared by the defense's expert witness was not available at the time Scott pled guilty. Moreover, although Scott places significant emphasis on the DNA report, the report does not establish Scott's innocence. To the contrary, the report confirmed the findings of the Government's expert witness. In addition, the trial court conducted a thorough Fed. R. Crim. P. plea colloquy with Scott prior to accepting his guilty plea.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4